ROBERT H. MOORE, Appellant, *v.* GEORGE MAUSERT et al., Repondents.

Where a statute amendatory of a former one sets forth the original statute as amended, retaining a portion of the old, omitting a portion, and incorporating therein new provisions, the effect is not to repeal and re-enact the portion retained, but such portion continues in force from the time of the first enactment; the portions omitted are abrogated, and cease to form part of the statute from the time the new act takes effect, and the new provisions become operative from that time.

Accordingly, *held,* that the word "hereafter," in the first line of section 1 of the act for the better security of mechanics, etc., chapter 402, Laws of 1854, being retained in the section as amended by chapter 588, Laws of 1869, applies to and includes all labor and materials furnished after the passage of the original act; that the new provision, requiring notice to be filed in the office of the county clerk, became operative when the amendatory statute took effect; and the provision in the fourth section of the original act, as to serving notice upon the town clerk, etc., having been omitted in the section as amended, was at the same time repealed.

(Argued April 29, 1872; decided April 30, 1872.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee.

This was a proceeding under the mechanics' lien law. Defendants made a contract with John Appley to furnish materials and do all the carpenter work for the erection of two houses in the town of Bethlehem, county of Albany, upon lands of defendants. Appley purchased all the materials from plaintiff, who commenced furnishing them on or about February 18th, 1869, and finished on the 28th April, 1869. On the 15th of May, 1869, plaintiff served upon defendants and the town clerk of the town of Bethlehem a notice of lien upon the premises for the amount due, being $634.98, which notice was filed on the same day in the office of said town clerk. At that time there was due from defendants to Appley the sum of $600.

The referee found, as conclusion of law, that the service of the notice and filing the same at the time with the town clerk created a lien upon the premises, and that plaintiff was entitled to judgment for $600, with interest.

*Anson Bingham* for the appellant. The act of 1869 applied only to those who should thereafter furnish materials. (*Ely et al.* v. *Holton*, 15 N. Y., 595; *Hartung* v. *People*, 26 id., 172.) The act of 1864 was not repealed by implication as to those furnishing materials before the act of 1869 took effect. (*Wood* v. *United States*, 16 Peters, 363; *Davies* v. *Fairbairn*, 3 How. [U. S.], 646; *Miller* v. *Henshaw*, 4 Dana [Ky.], 325; 5 Abb. Dig., 93, § 200; *Conner* v. *Southern Express Co.*, 37 Ga., 397; *Board of Supervisors* v. *Campbell*, 42 Ill., 492; *Hume* v. *Gossett*, 43 id., 297; *The People* v. *Barr*, id., 198; Dwarris on Statutes, Potter's ed., 155–160, and cases there cited.)

*N. C. Moak* for the respondents. Plaintiff had no claim against defendants, but simply a right *in rem*. (*Conkright* v. *Thompson*, 1 E. D. Smith, 663.) The legislature has the

right to control the remedy. (*Morse* v. *Gould*, 11 N. Y., 281, 286, 293; *Bay* v. *Gage*, 36 Barb., 447; *McCormick* v. *Rusch*, 3 Am. Law Reg. [N. S.], 93; *Conkey* v. *Hart*, 14 N. Y., 22; *James* v. *Steele*, 9 Barb., 482; 1 Seld. Note, 6; *Wolfked* v. *Mason*, 16 Abb., 222; 34 How. 629.) The remedies created in the mechanics' lien law are of a purely statutory and extraordinary nature, and the provisions for their enforcement must be strictly construed. (*Rafter* v. *Sullivan*, 13 Abb., 263; *Roberts* v. *Fowler*, 3 E. D. Smith, 632; *Grant* v. *Vandercook*, 8 Abb. [N. S.], 455; Gen. T. 3d Dist.; Houck on Liens, § 73, p. 83; *Roberts* v. *Fowler*, 3 E. D. Smith, 632; *Cheney* v. *Wolf*, 2 Lans., 188; *Rafter* v. *Sullivan*, 13 Abb, 263.) The act of 1869 applied, as soon as it took effect, to claims for materials furnished before its passage. (*Morse* v. *Gould*, 11 N. Y., 281; *James* v. *Steele*, 9 Barb. 482.) The word "hereafter" was not an amendment, but speaks as of the date of the passage of the original act in 1854. (*Ely* v. *Houghton*, 15 id., 596; *Hartung* v. *People*, 26 id., 171, 172; *United States* v. *Marks*, 2 Am. Law Times [U. S. C. Rep.], 127; United States District Court, Ky.) The amendment of 1869 was an absolute repeal of the prior law so far as it allowed notices to be filed with the town clerk. (*U. S.* v. *Tysun*, 11 Wall., 83; *Reg.* v. *Swan*, 4 Cox Crim. Cas., 108; *Hartung* v. *People*, 26 N. Y., 171; *The Schooner Harriet*, 1 Story, 257.) Unless the amended act applied to old claims, no lien could be acquired. (*Rafter* v. *Sullivan*, 13 Abb., 263.) After the amendment the lien could only be acquired as then specified. (*Cheney* v. *Wolf*, 2 Lans., 188.) The judgment should be *in rem*, not *in personam*. (*Hauftman* v. *Catlin*, 20 N. Y., 24; *Althause* v. *Warren*, 2 E. D. Smith, 657; *Lenox* v. *Trustees, etc.* id., 673; *Grant* v. *Vandercook*, 8 Abb. [N. S.], 455, 462; *Quimby* v. *Sloan*, 2 E. D. Smith, 609; *Randolph* v. *Early*, 4 Abb., 205; *Walker* v. *Paine*, 2 E. D. Smith, 664.) A judgment *in rem* cannot now be entered, as the year has expired. (*Grant* v. *Vandercook*, 8 Abb., 455.) A joint lien against owners in severalty is invalid. (*Jennings* v. *Collins*, 99 Mass., 29.) A

debtor paying money to a creditor may appropriate it to any debt he pleases. (*Allen* v. *Culver*, 3 Denio, 284; *Patterson* v. *Hull*, 9 Cow., 747; *Seymour* v. *Marvin*, 11 Barb., 80; *Braman* v. *Bingham*, 26 N. Y., 483.)

Grover, J. In *Ely* v. *Holton* (15 N. Y., 595), it was decided by this court that the effect of an amendment of a statute made by a subsequent statute declaring that such statute shall be amended so as to read as follows, retaining a part of the statute amended and incorporating therein new provisions, was not to repeal the part retained and re-enact the same, but that such part of the statute continued in force from the first enactment, and that the new provisions incorporated became operative from the time the amendatory statute took effect. It would follow that, where certain provisions of the original statute were omitted from the amendatory statute, such provisions were abrogated and ceased to form any part of the statute after such time. Applying these principles to the present case, it follows that the word "hereafter," in the first line of section 1, of chap. 402, p. 1086, Laws of 1854, being contained in the section as amended by chapters 588, p. 1355, Laws of 1869, continues to speak from the time of the passage of the act of 1854, and applies to and includes all labor and materials after that time; and that the new provision incorporated in amendatory statute, requiring notice to be filed in the office of the county clerk of the county in which the property was situate, took effect when the same became operative; and that the provision for filing notice in the office of the town clerk of the town, in the fourth section being left out of the section as amended, was abrogated at the same time. The amendatory statute took effect before the filing of the notice by the lienor in the town clerk's office. There was at that time no statute giving a lien upon filing notice in the town clerk's office. No lien was, therefore, acquired by filing the notice in that office. No notice was filed in the office of the county clerk, the place where it should have been filed, as the statute then stood, to acquire a

lien. The order of the General Term reversing the judgment of the referee in favor of the lienor must be affirmed, and judgment final given for the owner upon the stipulation.

All concur.

Order affirmed; judgment accordingly.