DELOS D. PIER, APPELLANT *v.* GEORGE GEORGE, RESPONDENT.

*Chapter 333 of 1853, not repealed by chapter 510 of 1875.*

Chapter 510 of 1875, amending and re-enacting section 12 of chapter 40 of 1848, did not repeal or in any way affect chapter 333 of 1853, and the amount of cash paid in, and the amount of stock issued for personal property transferred to a corporation created under the act of 1848, must still be separately specified in the annual report made and filed by the trustees thereof.

MOTION for reargument. The action was brought to enforce a personal liability against the defendant as trustee of a manufacturing corporation, for a failure to file a proper report as required by chapter 40 of 1848, and chapter 333 of 1853.

The plaintiff appealed from a judgment dismissing his complaint and a new trial was granted, the case being reported in 14 Hun at page 568.

The motion was made upon the ground " that the court in the decision heretofore rendered overlooked the rule or principle of law that, after the repeal of a penal statute, no action can be maintained for penalties incurred under it, while it was in force, where no action had been commenced to recover such penalty before the repeal of the act, it being conceded in said opinion, as was claimed, that the twelfth section of the general manufacturing law of 1848, giving a right of action against trustees for failure to make and file the annual report thereby required, is a penal statute, and that chapter 510 of the Laws of 1875 repealed that portion of said section which was inserted therein by chapter 333 of the Laws of 1853, and for an infringement of or non-compliance with which this action was brought, the action having been commenced after the passage of the act of 1875."

*Charles H. Searle*, for the appellant.

*E. A. Brewster*, for the respondent.

Gilbert, J.:

The amendment of section 12 of the act of 1848 made by the act of 1875, chapter 510, did not repeal or in any manner affect the provisions of the act of 1853, chapter 333. The latter act never formed a part of said section twelve, but is an independent enactment. Consequently the omission to re-enact the provisions contained in the act of 1853, relating to reports of stock issued in payment for property purchased, did not abrogate or repeal the same. The case of *Moore v. Munsert* (49 N. Y., 332) does not countenance such a doctrine as that. By the act of 1875 the provisions of said section 12 in respect to the contents of the annual report were re-enacted without the change of a word. Such provisions continued in force, not from the time of the re-enactment of them, but from the passage of the original act of which they formed a part. (*Ely v. Holton*, 15 N. Y., 595.) The act of 1853 is an additional enactment. An amendment of one will not affect the other, unless it introduces provisions which conflict with the latter. That is not the case here. The law on this subject has not been changed in the least. The judgment was properly reversed (*Whitney Arms Co. v. Barlow*, 63 N. Y., 66), and the motion for a re-argument must be denied, with ten dollars costs and disbursements.

Dykman, J., concurred; Barnard, P. J., not sitting.

Motion for reargument denied.