WILKES ANGEL, as Receiver of the Buffalo and Belmont Railroad Company, Respondent, v. THE TOWN OF HUME, Appellant.

*Town bonding — effect of chapt. 907 of Laws of 1869 — what the petition must contain — verification thereof.*

On the 10th of March, 1871, proceedings, to bond the town of Hume in aid of a railroad, were commenced under chapter 907 of 1869, by filing a petition with the county judge who, on the 22d of April, 1871, determined that the requirements of the statute had been duly complied with, and caused a judgment to be entered to that effect in the county clerk's office, and appointed commissioners as provided in the act. In February and July, 1872, the commissioners issued bonds to the company.

*Held,* that the passage on May 12, 1871, of chapter 925 of 1871, amending the act of 1869, did not nullify or avoid the judgment previously entered by the county judge, nor render the subsequent issue of the bonds invalid.

Section 1 of chapter 907 of 1869, provides that whenever a majority of the taxpayers of any municipal corporation in this State shall make application to the county judge by petition, verified by one of the petitioners, setting forth that they are such a majority of the taxpayers, and "that they desire that such municipal corporation shall make and issue its bonds to an amount named in such petition (but not to exceed twenty per cent of the whole amount of taxable property, as shown by said tax list and assessment roll)," the county judge, on proof of certain facts, shall appoint commissioners to issue the bonds.

*Held,* that to give the county judge jurisdiction to act the petition must show that the amount named therein did not exceed twenty per cent of the whole taxable property.

That the verification of the petition must cover all the allegations contained therein, and one only including a portion thereof was fatally defective.

That where jurisdictional defects in town bonding proceedings are patent upon the record, the bonds issued thereunder are void in the hands of the railroad company.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee. The action was brought to recover the amount of certain coupons attached to bonds, issued by the town of Hume, in aid of the Belmont and Buffalo Railroad Company. The following is the petition upon which the proceeding for the issuing of the bonds was based :

"*To the county judge of the county of Allegany, in the State of New York :*

"The petition of the undersigned respectfully states that your petitioners are a majority of the taxpayers of the municipal cor-

poration in said State, known as the town of Hume, in the county of Allegany, whose names appear on the last preceding tax-list or assessment-roll of said corporation, as owning or representing a majority of the taxable property in the corporate limits of said corporation. That your petitioners represent a majority of all the taxable property in said corporate limits appearing on said last preceding tax-list or assessment-roll of said corporation.

" That your petitioners desire that such municipal corporation shall create and issue its bonds to the amount of $50,000, and invest the same, or the proceeds thereof, in the stock of the railroad company in said State, known as the Belmont and Buffalo Railroad Company, pursuant to the provisions of chapter 907 of the Laws of the State of New York, passed May 18th, 1869.

" Dated HUME, *February* 10*th*, 1871.

| " NAMES. | ASSESSED VALUE. | NAMES. | ASSESSED VALUE." |
|---|---|---|---|

" STATE OF NEW YORK, ⎱ *ss.:*
 *County of Allegany.* ⎰

" Miles Dodge, of Hume, in said county, being duly sworn, says that he is one of the petitioners named in the foregoing petition. That he is a resident and taxpayer of the town of Hume, mentioned in said petition, and that his name appears upon the last preceding assessment-roll or tax-list of said town as owning or representing property assessed upon said roll. That deponent saw a large number of names subscribed to said petition, and that deponent is informed by credible persons that they saw the names of all the other persons whose names appear upon said petition subscribed thereto, and from his knowledge and such information — and which deponent believes to be true — this deponent says that all the names which appear upon said petition are the genuine handwriting of the persons whose names appear thereon, or were written thereon by the direct authority of the said persons. And deponent further says that the names annexed to said petition are the names of a majority of the persons whose names appear upon the last pre-

ceding assessment-roll of said town of Hume as owning or repre-
senting a majority of the taxable property upon the said roll.

                                  " MILES DODGE.

" Subscribed and sworn to before me }
    this —— day of February, 1871. }

                      " A. B. HOPKINS,

                          " *Justice of the Peace.*"

*H. L. Comstock* and *G. W. Harding*, for the appellant.
The judgment of the county judge, assuming it to have been
valid when rendered, had no validity, and did not confer any
authority to subscribe for any stock, or to issue any bonds in
behalf of the town of Hume, after the 12th day of May, 1871,
for the reasons that the act of 1871, passed on that day (chap.
925 of the Laws of 1871), repealed so much of the act of 1869
that it destroyed the force and effect of the judgment of the
county judge, and took away the power of the commissioners
thereby appointed. (*Kay* v. *Goodwin*, 4 Moore & Payne, 341;
*Surtees* v. *Ellison*, 9 Barn. & Cress., 750; *Regina* v. *Denton*, 18
Q. B. [N. S.], 761; *Rex* v. *Justices, etc., of London*, 3 Burr, 1456;
*Butler* v. *Palmer*, 1 Hill, 324; *New London, etc., R. R. Co.* v.
*Boston, etc., R. R. Co.*, 102 Mass., 386; *Illinois, etc., Canal* v.
*Chicago*, 14 Ill., 334; *Covington, etc., R. R. Co.* v. *Kenton County
Court*, 12 B. Mon., 144; *Hampden* v. *Commonwealth*, 19 Penn.
St., 329; *Hunt* v. *Jennings*, 5 Blackf., 195; *McQuilkin* v. *Doe*,
8 id., 581; *Stephens* v. *Doe*, 8 id., 508; *Pope* v. *Lewis*, 4 Ala.,
48; *Lewis* v. *Foster*, 1 N. H., 61; *Baily* v. *Mason*, 4 Minn., 546;
*Bay City, etc., R. R. Co.* v. *Austin*, 21 Mich., 390; *Springfield*
v. *Commissioners of Hampden*, 6 Pick., 501; *North Canal Street
Road*, 10 Watts, 351; *Veats* v. *Danbury*, 37 Conn., 412.) It is
well settled that where a statute is amended by providing that a
section of it shall read in a certain way, the portions of the act
amended, which are not merely copied without material change,
are repealed. (*Ely* v. *Holton*, 15 N. Y., 595; *Moore* v. *Man-
sert*, 5 Lans., 173; *S. C.*, on App., 49 N. Y., 332; *Bay* v.
*Gage*, 36 Barb., 447; *State* v. *Andrews*, 20 Texas, 232; *State* v.
*Ingersoll*, 17 Wis., 631; *People* v. *Supervisors*, 67 N. Y., 109;
*Steamboat Co.* v. *The Collector*, 18 Wall., 478; *Goodno* v. *Osh-*

kosh, 31 Wis., 127; *Kelsey* v. *Kendall*, 48 Vt., 24.) If the later statute was intended as a substitute for the prior one, and was intended to prescribe the only rule which should govern in the case provided for, it repeals the original act as absolutely as if the appeal were expressly declared. (*Gwinner* v. *Lehigh, etc., Railroad Co.*, 55 Penn. St., 136; *Phillips* v. *Pickford*, 9 Mans. Gr. & S., 459; *United States* v. *Tynen*, 11 Wall., 88; *Norris* v. *Crocker*, 13 How. [U. S.], 429; *Davies* v. *Fairbairn*, 3 id., 636; *Murdock* v. *Memphis*, 20 Wall., 590; *Jersey City* v. *Railroad Co.*, 20 N. J. Eq., 360; *Warren* v. *Phillips*, 36 Conn., 357; *Sacramento* v. *Bird,* 15 Cal., 294; *Industrial School Dist.* v. *Whithead*, 2 Beas. Ch., 291; *Farr* v. *Brackett*, 30 Vt., 344; *Pingree* v. *Snell*, 42 Me., 53.) The bonds could not be issued under the act of 1871, because that act had no retroactive effect, and does not apply to proceedings commenced before its enactment. (*Kelsey* v. *Kendall* 48 Vt., 24; *N. Y. and O. M. R. R. Co.* v. *Van Horn*, 57 N. Y., 473; *Burton* v. *Wickwire*, 54 id., 226; *The People* v. *Supervisors*, 43 id., 130; *Sanford* v. *Bennett*, 24 id., 20; *Dash* v. *Van Kleeck*, 7 Johns. R., 477; *Smith* v. *Humphrey*, 20 Mich., 398; *The State* v. *Smith*, 38 Conn., 397; *The State* v. *Blakeman*, 52 Mo., 578; *Sanford* v. *Barclay*, 37 Cal., 11.) The bonds could not be issued under the act of 1869, after the act of 1871 took effect, because there was no longer any authority to issue bonds under that act, or according to its provisions, except as it was amended by the act of 1871. (*The People* v. *Peck*, 4 Lans., 530; *The People* v. *Smith*, 55 N. Y., 135; *Wilson* v. *The Town of Caneadea*, 15 Hun, 218.) The petition of the taxpayers to the county judge is void, because it does not show that the sum of $50,000, mentioned therein, does not exceed twenty per cent of the whole amount of taxable property of the town, as shown by the last preceding tax-list or assessment-roll of such town. This is a jurisdictional fact which must be made to appear upon the face of the petition. (*The People* v. *Spencer*, 55 N. Y., 1; *The People* v. *Smith*, id., 135; *The People* v. *Knowles*, 47 id., 415; *The People* v. *Hulburt*, 46 N. Y., 110; *The People* v. *Peck*, 4 Lans., 528.)

*Angel & Jones*, for the respondent.

SMITH, J. :

This action was brought to recover the amount of several coupons or interest warrants attached to a bond for $1,000, issued by commissioners appointed by the county judge of Allegany in proceedings to bond the town of Hume in aid of the Belmont and Buffalo Railroad Company. The proceedings were instituted under chapter 907 of the Laws of 1869, by a petition filed with the county judge on the 10th of March, 1871. On the 22d of April, 1871, the county judge having given the notice and taken the proofs required by the statute, adjudged and determined that the petitioners in said petition represented a majority of the tax-payers of said town, as shown by the last preceding tax-list or assessment-roll, and also a majority of the taxable property upon said list or roll, and caused such judgment to be entered of record in the office of the clerk of said county, and thereupon appointed three commissioners for the purpose provided in the act. On the 16th of February, 1872, said commissioners subscribed for $50,000 of the stock of the said railroad company, and issued certain bonds, and on the 13th of July, 1872, they issued to the company the bond to which the coupons in suit were attached, in part payment of said subscription. It appears from the foregoing statement that the petition was presented to the county judge and was acted upon by him, and judgment was rendered before chapter 925 of the Laws of 1871 was enacted, and while chapter 907 of the Laws of 1869 was in full force.

It is insisted by the counsel for the appellant that the judgment of the county judge and the appointment of the commissioners ceased to be of any validity after the passage of the act of 1871, for the reason that the latter act repealed the provisions of the act of 1869, by which alone such judgment and appointment were authorized. We are not prepared to assent to that proposition. It is undoubtedly true, as claimed by the appellant's counsel, that where jurisdiction is conferred by a statute, the repeal of the statute arrests and terminates all proceedings under it which are not fully completed so that they can stand alone without the exercise of any further power under the repealed statute, unless there is a saving clause in the repealing statute

exempting such pending proceedings from its operation. (*Butler v. Palmer*, 1 Hill, 324, and cases there cited by COWEN, J.) It makes no difference in this respect whether the repeal is express or by implication; and although a repeal by implication is not favored, yet it is well settled that where two statutes are clearly repugnant to each other, the one last enacted operates as a repeal of the former. It is also true that the act of 1871 which, in terms, amended the act of 1869, made numerous changes in the law, and undoubtedly the provisions of the amended sections of the earlier act, which are omitted in the later act, are to be regarded as repealed. (*Moore* v. *Mausert*, 49 N. Y., 332.)

But it by no means follows that the partial repeal of the act of 1869, thus effected, annulled the judgment and appointment in question. Had the repeal been absolute of the entire act, doubtless no further proceedings could have been had under the judgment and appointment, after the repeal took effect. But the repeal affected merely certain details and modal provisions of the law. It left in full force and continued the essential policy of the act of 1869, which was, to provide a mode in which the credit of municipal corporations might be used in aid of the construction of railroads, and the same general mode of proceeding was retained, although modified in its details, to wit: The presentation of a petition of taxpayers to the county judge, an adjudication by that officer that the petitions represented a majority of the taxpayers and of the taxable property of the town, according to the provisions of the act, and an appointment by him of commissioners. By the judgment and appointment, the proceedings before the county judge, in the present case, were fully completed and closed, before the act of 1871 was passed. The judgment and the record thereof had the same force and effect as other judgments and records in courts of record in this State. (Act of 1869, § 2.) The question is one of legislative intent. There is nothing in the act of 1871 to indicate that the Legislature intended to annul valid and complete judgments under the act of 1869, and regular and valid appointments of commissioners made thereunder, even although the commissioners so appointed had made no contract and issued no bonds. The true construction we apprehend is, that from the time the act of 1871 was passed, it became the law

as to all proceedings thereafter, whether then pending or commenced subsequently, while all that had been done before that time was supported by the first act and must be judged by it. (*People* v. *Supervisors of Montgomery Co.*, 67 N. Y., 109, per ALLEN, J., p. 117; *Ely* v. *Holton*, 15 id., 595; *Moore* v. *Mausert* [*supra*], there cited; *The People ex rel. Hoag* v. *Peck*, 4 Lans., 528.)

The counsel for the appellant lays stress upon the fact that no vested rights had accrued to third persons when the act of 1871 took effect, and he cites the cases of *Aspinwall* v. *Commissioners of Daviess County* (22 How. [U. S.], 364); *In the Matter of the Buffalo and Jamestown R. R. Co.* (5 Hun, 485); and *Falconer* v. *The same Co.* (7 id., 499); *S. C.*, affd. (69 N. Y., 491). Those were cases in which, pending the bonding proceedings, a new constitutional provision intervened, absolutely prohibiting any municipal corporation from loaning its money or credit to any corporation, or from becoming the owner of any stock or bonds of a corporation. The courts held in those cases, that by force of such provision, all action on the part of any municipal corporation to issue its bonds in aid of a railroad not then completed, at once became nugatory, unless where, by operation of law, or by some valid agreement, there had · been, prior to that time, created a right to have such action perfected by the issuing of bonds. Those decisions are not applicable to the present case, for the reason already suggested, that here the repeal related to certain details only, and the policy of town bonding was retained in force.

As no question was made on the argument but that the action of the commissioners in respect to contracting with the railroad company and issuing the bonds of the town, subsequently to the passage of the act of 1871, was in accordance with the provisions of that act, we think their action in those particulars was valid, provided the proceedings before the county judge were valid under the act of 1869.

But there are other positions taken by the appellants' counsel, which seem technical at first, but which will be seen on examination to be quite formidable.

It is contended by the appellants' counsel that the petition presented to the county judge was void, because it did not show that

the sum of $50,000 mentioned therein as the amount to which the petitioners desired the town should issue its bonds, did not exceed twenty per cent of the whole amount of the taxable property of the town, as shown by the last preceding tax-list or assessment-roll of such town. The contention turns upon the construction of section one of the act of 1869. So much of the section as is material to the question is in the following words: " Whenever a majority of the taxpayers of any municipal corporation in this State  *  *  *  shall make application to the county judge  *  *  *  by petition verified by one of the petitioners setting forth that they are such a majority of taxpayers  *  *  *  and that they desire that such municipal corporation shall create and issue its bonds to an amount named in such petition (but not to exceed twenty per cent of · the whole amount of taxable property as shown by said tax-list and assessment-roll), and invest the same or the proceeds thereof in the stock or bonds (as said petition may direct) of such railroad company in this State as may be named in said petition, it shall be the duty of said county judge," etc. The petition by which the proceedings to bond the town of Hume were initiated set forth that the petitioners desired that the town should issue its bonds to the amount of $50,000, but it did not set forth that such amount did not exceed twenty per cent of the whole amount of the taxable property, etc. By reason of this omission, it is contended the petition was fatally defective and gave no jurisdiction to the judge. We have not been referred to any reported case in which the question has been passed upon. In *The People ex rel. Haines* v. *Smith* (3 Lans., 291) the same omission occurred, but the point does not appear to have been raised, and the proceedings were reversed on other grounds. In *The People ex rel. Delafield* v. *Hughitt* (5 Lans., 90), the petition was regular in that respect. But there are other cases involving questions that appear to be analogous. In *The People ex rel. Rogers* v. *Spencer* (55 N. Y., 1), the Court of Appeals held that the omission to set forth in the petition that the railroad company named in the petition, as the company in whose stock the petitioners desired the bonds of the town or their proceeds to be invested, was a railroad company *in this State*, rendered the petition fatally defective. The decision rested upon the familiar

principle, that a special limited statutory power can only be exer-
cised under the limitations and circumstances prescribed by the
statute.

In *The People ex rel. Haines* v. *Smith* (45 N. Y., 772), it was
held that the authority conferred by the act must be exercised in
strict conformity with the letter and spirit of the statute; in *The
People ex rel. Freeman* v. *Hulburt* (46 id., 110), that every step
required by the statute must be shown to have been taken in strict
conformity therewith. Is the omission pointed out, one of matter
which the act of 1869 required to be set forth in the petition?
We are of the opinion that it is. The matter is found in the
clause of the section which specifies the particulars that are to be
set forth in the petition. It is as plainly required to be set forth,
and by the same words, as is the statement that the railroad com-
pany to be named in the petition, is "in this State." The cir-
cumstance that it is in the parenthesis does not affect the question.
The parenthesis is no indication that the matter embraced in it
need not be stated in the petition. It tends to perspicuity of
expression, and it was probably used for that purpose alone.
It is enough that, by a literal reading, the matter in question is
required by the Legislature to be stated in the petition. The
courts cannot declare it immaterial, nor say that its omission does
not affect the proceedings. (*Merritt* v. *Portchester*, 71 N. Y., 309.)

The fact that the requirement was omitted in the act of 1871
indicates that, while the Legislature did not think it advisable to
retain it, they thought a compliance with it was necessary while
it was in force; otherwise, the omission was unnecessary. The
omission was not intended to permit the issuing of bonds in excess
of twenty per cent of the taxable property of the town. That is
apparent from the fact that the prohibition upon the commissioners
to that effect, contained in section four of the act of 1869, was
not repealed by the act of 1871. Applying the strict rules of
construction adopted by the court of last resort in like cases, we
are brought to the conclusion, that the act of 1869 not only pro-
hibited the commissioners from issuing bonds in excess of that
limit, but it gave no jurisdiction to the county judge to entertain
proceedings, except upon a petition stating that the amount of
bonds which the petitioners desired to have issued did not exceed

that limit. It follows that the statement in question was necessary to the validity of the petition, and that the omission of it was a fatal defect.

We are also inclined to agree with the appellant's counsel in his position, that the petition was not verified as the act required. The statute requires that the petition shall be verified by one of the petitioners. The form and manner of the verification are not prescribed. The fair construction is that the statute intends the usual mode of verification, to wit, by affidavit subjoined to the petition, and it is obvious that the verification must extend to every material fact alleged in the petition. It is hardly to be supposed, however, that all the facts alleged would be within the personal knowledge of any one individual, and consequently an affidavit made by one of the petitioners, to the effect that the petition is true, according to his best knowledge, information and belief, would probably suffice. But that, at least, is essential. The verification in this case did not comply with the statute, as above construed. The affidavit purporting to verify the petition was made by Miles Dodge, one of the petitioners. It did not profess to state that the entire petition was true, on information or belief, or otherwise. It was but a partial verification. It was confined to particular averments only. The fact alleged in the petition, and essential to the jurisdiction of the judge, that the railroad company in whose stock the petitioners desired that the town should invest was a railroad company in this State, was not verified at all. A verification of every material part of the petition was essential to the jurisdiction of the judge.

In the case of *Merritt* v. *The Village of Portchester* (*supra*), it appeared that commissioners of estimate and assessment appointed under the charter of the village to apportion and assess the expense of a local improvement, instead of taking the oath "faithfully and fully to discharge the duties," required by the charter to be taken before they were authorized to act, each took an oath that he would perform the duties "to the best of his ability." The action was brought to restrain the collection of the assessment. Held, by the Court of Appeals, reversing the court below, that the failure to take the prescribed oath rendered the proceedings illegal. The case is not strictly analogous to this in its facts, but the rule

of construction upon which it was decided is fully applicable here, to wit, that the statute must be strictly construed, and any departure in substance from the formula prescribed by the statute vitiates proceedings under it. If these views are correct, the proceedings were void for want of jurisdiction, and the bonds were issued without authority.

The defects above pointed out being patent upon the record of the proceedings, the bonds were void in the hands of the railroad company to whom they were issued. (*Starin* v. *The Town of Genoa*, 23 N. Y., 439; *The Town of Duanesburgh* v. *Jenkins*, 40 Barb., 574.) And the plaintiff, as receiver, has no better title than that of the company which he represents.

The judgment in favor of the plaintiff should be reversed, and as no state of facts can be shown entitling the plaintiff to recover, judgment should be ordered for the defendant.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment for plaintiff reversed, and judgment ordered for defendant.