[No. 1510.]

## MICHAEL KENNEDY, APPELLANT, v. JEWETT ADAMS AND LIZZIE KEATING, EXECUTORS OF THE LAST WILL OF ROBERT P. KEATING, DECEASED, RESPONDENTS.

RIGHT OF ACTION—EFFECT OF REPEAL OF STATUTE. A right of action depending solely upon a statute that has been repealed falls with the repeal of the statute.

ESTATES OF DECEASED PERSONS—ACTIONS ON REJECTED CLAIMS—LIMITATION OF ACTION. A claim against decedent's estate was presented to the executors October 13, 1896, and disallowed by them March 24, 1897. Action to establish the claim was brought June 17, 1897. The probate law of 1861, allowing holders of rejected claims three months within which to commence suit for the purpose of determining their validity, was repealed before the commencement of the action, by Stats. 1897, p. 119, passed March 23, 1897, which required such suits to be commenced within thirty days after notice of their rejection, under penalty of being barred: *Held*, that the action was governed and barred by the statute of 1897.

APPEAL from the District Court of the State of Nevada, Storey county; *C. E. Mack*, District Judge:

Action by Michael Kennedy against Jewett Adams and Lizzie Keating, as executors, on a rejected claim against the estate of Robert P. Keating, deceased. From a judgment for defendants, plaintiff appeals. Affirmed.

The facts sufficiently appear in the opinion.

*George D. Pyne*, for Appellant:

I. This claim was duly presented in accordance with the statute in existence at that time, and in response to notice to creditors, given under and in accordance with the law then in existence, and which allowed the holder of a rejected claim ninety days after the rejection thereof in which to commence suit upon said rejected claim (Gen. Stats. 2803), and said claim having been rejected on the 24th day of March, 1897, suit was commenced thereon the 17th day of June, 1897, within the time allowed by law, under the statute in existence at that time, and under which plaintiff's rights and remedies had accrued.

II. "No statute enacted after vested rights have accrued, and which would deprive parties litigant of their remedies and rights under the law repealed, can have a retroactive effect, and never under any circumstances will the remedies

and rights of a party be destroyed by the enactment of a law subsequent to the acquirement of such rights and remedies. A statute cannot have a retroactive effect unless specifically stated and expressed, and law will always be given a prospective application unless the contrary appears from the face of the law." (Sedgwick Const. Law, pp. 160–175; *Kuehn* v. *Pareni*, 20 Nev. 203; *State* v. *Kruttschnitt*, 4 Nev. 178; *Williams* v. *Glasgow*, 1 Nev. 533; *Gate* v. *Solemn*, 28 Cal. 320; *Shuffleton* v. *Hill*, 62 Cal. 483; *Chew Hong* v. *U. S.*, 112 U. S. 559; *Skyrme* v. *Occidental Co.*, 8 Nev. 220; *Capron* v. *Strout*, 11 Nev. 304; *Steamship Co.* v. *Jeliffe*, 2 Wall. 450.)

III.   The act of 1897, regulating the time for commencing action upon rejected claims, applies only to claims filed with the county clerk in the manner provided in said act, and not to claims presented to the executor or administrator under the old probate law.   This right of action accrued under the law in existence at the time of filing the claim, October 13, 1896, and it follows that its enforcement must be governed by the law then in existence, and which allowed plaintiff ninety days from the date of the rejection of his said claim to bring suit thereon.

*Clayton Belknap*, for Respondents:

I.   Respondents contend that by filing a claim against the estate of a deceased person under the old probate act of November 29, 1861, the claimant simply acquired an inchoate legal right, which could have been withdrawn by the claimant, or, if rejected by the executor, it could be abandoned by failure to commence suit within the time prescribed by the statute, and such inchoate right does not become a *vested right* until merged into a judgment.   Judge Cooley states the general rule to be " that the right to a particular remedy is *not.* a vested right." (Cooley's Const. Lim., 3d ed., sec. 361, 362.)

II.   " The right of a creditor to any particular remedy is not a vested right.   The state is bound to afford substantive and available remedies to the suitors in her courts, but no party can claim a *vested right* in the performance of a particular system of courts, or the continuance of a special mode of procedure, or the perpetuation of any remedy or remedial

process which can be modified or abolished, without impairing or taking away the right itself, when public policy or the convenience of justice demands a change." (Black on Const. Prohibitions, sec. 192; *Church* v. *Rhodes*, 6 How. Pr. 281; *Watson* v. *N. Y. Cent. R. R. Co.*, 47 N. Y. 157; *West Troy* v. *Ogden*, 59 How. Pr. 21; *Confiscation Cases*, 7 Wall. U. S. 454; *Eagle* v. *Schartz*, 1 Mich. 150.)

III.   There is no saving clause in the repealing act exempting pending proceedings from its operation.  The repeal of the old probate law and the enactment of a new probate law in its stead simply modified the remedy for the enforcements of appellant's claim; his rights in the premises were not injured or prejudiced, but the time to enforce such rights was shortened, and that from and after the approval by the governor of the new probate law all subsequent proceedings for the enforcement of appellant's claim were governed by its provisions.   (*Butler* v. *Palmer*, 1 Hill, N. Y. 325; *People* v. *Livingston*, 6 Wend. 527; *Bank of Hamilton* v. *Dudley*, 2 Pet. U. S. 196; *Bay City R. R.* v. *Austin*, 21 Mich. 390; *Curtis* v. *Whitney*, 13 Wall. U. S. 70; *Bensley* v. *Ellis*, 39 Cal. 312; *Church* v. *Rhodes*, 6 How. Pr. 282; *Williams* v. *Middlesex Co.*, 4 Metc. 76; *U. S.* v. *Preston*, 3 Pet. U. S. 57; *Smith et al.* v. *Bunker*, 3 How. Pr. 142; *Yeaton et al.* v. *U. S.*, 5 Cranch, 282; *Ex parte McArdle*, 7 Wall. U. S. 514; *Skyrme* v. *Occidental*, 8 Nev. 219; *Capron* v. *Strout*, 11 Nev. 310; *Coffin* v. *Rich*, 45 Me. 507; *Lamb* v. *Schlotter*, 54 Cal. 319.)

IV.   Appellant's right to sue was purely statutory.   Unless he has the right to commence this action under the provisions of the probate law of March 23, 1897, he has no rights in court whatever, as the old probate law was repealed March 23, 1897, without any provision or saving clause relative to proceedings commenced or pending under the law repealed. (*Bensley* v. *Ellis*, 39 Cal. 313; *McMinn* v. *Bliss*, 31 Cal. 122; *Lamb* v. *Schlotter*, 54 Cal. 319; *Butler* v. *Palmer*, 1 Hill, 324; *Church* v. *Rhodes*, 6 How. Pr. 282.)

By the Court, BELKNAP, C. J.:

It is shown by the complaint that a claim against decedent's estate was presented to the respondents upon the 13th day of October, 1896, and disallowed by them upon the 24th day

of March, 1897. Action for the purpose of establishing the claim was commenced upon the 17th day of June, 1897. Respondents interposed a demurrer to the complaint upon the ground that the suit was not commenced within thirty days after the rejection of the claim. The demurrer was sustained and, appellant declining to amend, judgment was entered against him.

Before the commencement of this action, and upon the 23d day of March, 1897, the probate law of 1861 was repealed and the present law adopted. (Stats. 1897, p. 119.)

The probate law of 1861 allowed holders of rejected claims three months within which to commence suit for the purpose of determining their validity; the present law requires such suits to be commenced within thirty days after notice of their rejection, under penalty of being barred. Suit was not commenced within thirty days after the rejection of the claim, but appellant contends that the claim having been filed during the existence of the probate law of 1861, the provisions of that law apply to this case, and that he had a vested right to proceed under it. If either of these contentions is correct, the judgment should be reversed.

In the first place, we may say that a right of action depending solely upon a statute that has been repealed, falls within the repeal of the statute. This principle is so well settled that reference to authority is unnecessary.

"I take the effect of repealing a statute to be," said Lord Ch. J. Tindal, in *Key* v. *Goodwin*, 4 M. & P. 351, "to obliterate it as completely from the records of the parliament as if it had never passed, and that it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted, and concluded whilst it was an existing law."

It would have been competent for the legislature to have provided that proceedings commenced under the law of 1861 should be conducted under its provisions, but omitting any provision of this nature, and absolutely repealing the law, all proceedings commenced under it fall with it.

Judge Cowan, in *Butler* v. *Palmer*, 1 Hill, 334, in summing up the authorities upon this subject, said: "The amount of the whole comes to this: That a repealing clause is such an

express enactment as necessarily divests all inchoate rights which have arisen under the statute which it destroys. These rights are but an incident to the statute and fall with it, unless saved by express words in the repealing clause."

Is the right to proceed under the law of 1861 a vested right? The question may be answered by the text writers.

In Cooley's Const. Lim., p. 442, the learned author says: "The right to a particular remedy is not a vested right. This is the general rule, and the exceptions are of those peculiar cases in which the remedy is part of the right itself. As a general rule every state has complete control over the remedies which it offers to suitors in its courts. It may abolish one class of courts and make another. It may give a new and additional remedy for a right or equity already in existence. And it may abolish old remedies and substitute new; or even without substituting any, if a reasonable remedy still remains. If a statute providing a remedy is repealed while proceedings are pending, such proceedings will be thereby determined, unless the legislature shall otherwise provide; and if it be amended, instead of repealed, the judgment pronounced in such proceedings must be according to the law, as it then stands. And any rule or regulation in regard to the remedy which does not, under pretense of modifying or regulating it, take away or impair the right itself, cannot be regarded as beyond the proper province of legislation."

Substantially the same rule is announced by Black in his essay in Const. Prohibition, at section 192, and by other authors.

Judgment affirmed.