## FREEMAN & WAIT *vs.* CRAM.

A mechanic's lien under the lien law for the city of New-York, (*Stat.* 1844, *p.* 339) expires at the expiration of one year from the commencement thereof, and is not prolonged by obtaining a judgment against the owner of the property within the year.

APPEAL from the New-York common pleas, where the judgment was in favor of the defendant on demurrer to pleas. The

only question presented by the pleadings, in the court below, necessary now to be stated was whether, a mechanic's lien in the city of New-York, under the act of April 29th, 1844, for materials furnished upon a contract with the owner, expires at the end of a year from the time of its commencement, or whether by obtaining a judgment against the owner within the year, the lien may be prolonged and enforced afterwards. The facts material to this question stated in the pleadings, were as follows :

On the 29th of September, 1845, Freeman & Wait, the plaintiffs, who were mechanics in the city of New-York, contracted in writing with Moses E. Arment to furnish the area gratings for a house which Arment was then building at the corner of 4th Avenue and 17th street. This contract was filed in the office of the clerk of the city and county of New-York, on the first day of October, 1845, in pursuance of the "act for the better security of mechanics and others erecting buildings and furnishing materials therefor in the city and county of New-York, passed April 29th, 1844." (*Stat. p.* 339.) Notice of the filing of the contract was served upon Arment, the owner, within 20 days after the making of the contract, but on what precise day, did not appear. The gratings were furnished on the 16th of October, and the notice had then been served.

On the first of January, 1846, Arment, the owner for whom the materials were furnished, sold and conveyed the house and lot to the defendant, Jacob Cram, a purchaser in good faith and for a valuable consideration. The gratings remained unpaid for.

On the 8th of September, 1846, nearly eleven months after the lien attached, the plaintiffs commenced their suit in the New-York common pleas, in the manner prescribed by the statute, for the enforcement of the lien against Arment, who at the time of filing the contract and notice thereof, was the owner of the building and lot of land ; and on the 25th of the same month, the plaintiffs obtained their judgment for the materials furnished, but no execution was issued. Arment died insolvent, on the 10th of November, 1847.

On the 30th of March, 1848, more than two years after the commencement of the lien, the plaintiffs commenced the pres-

ent suit, by suing out a writ of *scire facias* to revive the judgment against *Jacob Cram* the defendant, as *terre tenant* of the house and lot for which the materials were furnished, and for the purpose of enforcing their supposed lien against the real estate then in his hands. The question was whether they had any subsisting lien, or whether it expired at the end of a year. After judgment for the defendant the plaintiffs appealed to this court.

*A. H. Dana,* for appellants.

*J. J. Townsend,* for respondent.

RUGGLES, J. delivered the opinion of the court.

The first section of the act (*Laws of* 1844, *ch.* 220) prescribes that any person who shall, by virtue of any contract with the owner thereof, perform any labor or furnish materials in building, altering or repairing any house or other building, in the city and county of New-York, shall have a lien for the value of such labor and materials upon such house or building and appurtenances, and upon the lot of land on which the same stand, to the extent thereinafter prescribed," &c.

By the second section, the person performing such labor, or furnishing such materials, is required to file the contract, if it be in writing, in the office of the clerk of the city and county of New-York, and to serve a notice thereof personally on the owner or his agent, within twenty days after the making of such contract or commencing the performance of such labor, or the furnishing of such materials. The clerk is required to keep a book to be called the mechanics' and laborers' lien docket, in which the contract is to be noted in the manner specified in the act, with the time of filing the contract.

By the third section it is provided, that the lien so created by the act, shall take effect from such filing, *and such service of said notice, and shall continue in force for the space of one year thereafter.* The 4th, 5th and 6th sections provide for the enforcement of the lien substantially as follows: The laborer or person furnishing materials may cause a notice to be served

personally on the owner, or his agent, requiring him to appear in the court of common pleas, or in the marine court of the city and county of New-York, either in person or by attorney, at a time certain to be specified in such notice, not less than ten days from the service thereof, and submit to an accounting and settlement in such court, of the amount due or claimed to be due under such contract, for the labor done or materials furnished.

Within ten days after the service of notice, a bill of particulars of the amount claimed to be due, is to be served on the owner or his agent, accompanied with a notice to produce a bill of particulars of any set-off which may be claimed to the same within ten days thereafter, which shall be served in like manner.

In case the owner shall not appear in pursuance of the requirement of the notice, at the time and place therein specified, his default may be entered, and if the proceeding is in the common pleas, a writ of inquiry may be issued for the assessment of the damages, "and judgment shall be entered upon the same, and execution shall issue for the enforcement of the said claim so adjudicated and established in the same manner as in like cases upon judgments in such court in actions of assumpsit." And upon the appearance of both parties issue shall be joined upon the claims made and notices of set-off served, and the same may be noticed for trial and put upon the calendar by either party, "and shall be governed, tried, and the judgment therein enforced in all respects, in the same manner as upon issues joined and judgments rendered in actions of assumpsit in the said court.

By the third section of the act, the mechanic's lien is limited in its duration to one year from the time of its commencement. There is no provision in the act for the prolongation of the lien by means of the judgment. The duty of the court is simply to settle the amount of the claim and render judgment therefor. The court is not required to adjudicate upon the validity of the lien, or the time of its commencement. The judgment is to be rendered and enforced, in all respects, like a judgment in an action of assumpsit. The statute does not declare or provide that it shall bind the real estate by relation, from the time of the docketing of the mechanic's lien or the service of notice thereof on the

Freeman v. Cram.

owner. The docket of the judgment is not required to refer to the time of the commencement of the mechanic's lien created by the statute. The mechanic's lien, and the lien of the judgment, are different things, not connected with each other. The mechanic's lien is special, and affects only the real estate on which the work is done. The lien of the judgment is general and affects all the defendant's real estate, but from the time when it is docketed only. The mechanic's lien commences with the filing of the contract and service of notice; and continues only during the space of one year thereafter. The lien of the judgment commences at the date of its docket, and continues ten years against purchasers and longer against the defendant. They are connected together but in one way. The mechanic's lien may be enforced by execution upon the judgment and sale within the year after the commencement of the mechanic's lien. This was probably all that the makers of the statute intended. Certainly they have provided for nothing more in the first nine sections of the act. Their object appears to have been to provide a security in favor of laborers and material men, only until their demands could be liquidated and their lien enforced. From the nature of their demands and the shortness of the credit usually given by them, it was not necessary to provide for them any thing more than a temporary lien. Their claims being uncertain in amount, the creation of a permanent incumbrance would have been vexatious and embarrassing to owners and purchasers. The statute authorizes a summary proceeding to obtain a judgment for the amount due, by which in most cases if not in all, the mechanic's lien may be enforced by execution and sale within the year; and if in some cases the owner should be able to delay the proceeding until the expiration of the lien, the answer is that the statute has not provided in those cases an effectual remedy. The mechanic's lien is the creature of the statute, and its duration being limited thereby, the courts can not extend or prolong it. The judgment record is not evidence of the existence of the mechanic's lien, of the time of its commencement, or of the quantity or description of the real estate which it affects. It could not be made so against third persons not parties to the

suit.   In case of the enforcement of the lien by an execution and sale within the year, if a dispute should arise between the purchaser and some third person, with respect to the priority of their respective rights, the purchaser would be required to prove the existence of the mechanics' lien by evidence not contained in the judgment record.

The tenth section of the statute has no application to the present case.   It provides for the laborer or material-man who deals with the contractor and not the owner, and gives him an execution " as upon a judgment recovered on the day of the attaching of such lien."   Whereas the judgments and executions mentioned in the sixth and fourth sections of the act are in form and effect as in other cases, excepting that when the sale is within the duration of the mechanic's lien, the plaintiff may make title under it by extrinsic proof of its existence and duration.   The judgment should be affirmed.

Judgment affirmed.