Henry F. Benton et al., Appellants, *v.* Ardelle L. Wickwire, Respondent.

All statutes must have a construction according to the language employed, and where no ambiguity exists, courts cannot correct supposed defects.

An amendment to a statute has no more retroactive effect than an original act; and neither can have such effect unless, in exceptional cases, the legislature so declares.

Proceedings to impose and enforce mechanic's liens, have no foundation in common law, but rest and must find support entirely upon the statutes authorizing them.

The mechanic's lien law of 1854 (chap. 402, Laws of 1854), prior to its amendment in 1871 (chap. 188, Laws of 1871), provided simply that the lien created under its provisions should continue for one year after filing notice, unless sooner discharged; and if judgment should be rendered in such proceedings and docketed *within the year*, it should be a lien, etc.; no provision was made for the contingency of the claimant's failing to obtain judgment within the year. Accordingly, *held*, that although the claimant proceeded with all due diligence to enforce his lien in the courts by persistent litigation, yet if he failed to obtain judgment within the year, the lien expired at the end thereof and could not thereafter be enforced.

(Submitted March 18, 1873; decided June term, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of defendant entered upon the decision of the court at Special Term.

This was a proceeding under the mechanic's lien law of 1854. (Chap. 402, Laws of 1854, p. 1086). The materials and labor were furnished by the plaintiffs to one Miner Grant, who, as contractor, built a house on the land of defendant, situate in Cortland county. The notice of lien was duly filed with the clerk of said county on the 13th day of December, 1869. These proceedings were commenced March 12th, 1870. Trial was had on the 24th day of December, 1870. The court found all the material facts in favor of plaintiffs, but directed judgment for defendant on the ground " that the year from the filing of the notice, having expired on the 13th

day of December, 1870, the lien was expired and cannot be enforced." Further facts appear in the opinion.

*Duell & Foster* for the appellants. The suit having been commenced within the year, the inchoate lien created by filing the claim continued until judgment was obtained. (Crary's N. Y. Pr., 268; Nott's Lien Law, 210, 211; 1 E. D. S., 740; 6 Abb., 99; Laws 1871, Chap. 188.) Statutes must be expounded according to the meaning, and not according to the letter. (19 N. Y., 422; 15 id., 532; 6 Hill, 616; 22 Wend., 395; 5 Barb., 156; 3 id., 429; 15 J. R., 358; 8 Cow., 89.) Even if the lien had ceased, plaintiffs were entitled to a personal judgment at Special Term. (*Grogan* v. *McMahon*, 4 E. D. S., 755; *Barton* v. *Hermance*, 8 Abb. [N. S.], 399; *Schaettler* v. *Gadnier*, 47 N. Y., 404, 407.) Plaintiffs had a right to maintain the action against defendant although a married woman. (20 N. Y., 247, 249, 250; 31 id., 285; 16 Abb., 328; 26 How., 31.)

*Shankland & Shankland* for the respondent. The house was erected on the credit of defendant's husband and the lien should have been filed against him. (Legal Tr. Apl., 25, 1870, p. 2; 1 Lans., 214; 36 How. Pr., 425.) He paid the whole contract price prior to the filing of the lien and he cannot be made liable for more to any one. (*Carman* v. *McIncrow*, 3 Kern., 70; *Thompson* v. *Yates*, 28 How. Pr., 142.) Plaintiffs could not recover, the year's lien having expired before judgment. (3 Lans., 134; 3 N. Y., 305; 40 How. Pr., 94; Vol. 2 Albany L. J., p. 52, No. 29; Vol. 3, id., p. 13, No. 1; N. Y. Tr., May 6, 1871.) Chapter 188, Laws of 1871 is prospective only. (*Kinkle* v. *Peterson*, Vol. 5 Albany L. J., p. 288, No. 18.)

REYNOLDS, C. The section of the statute under which the proceedings were had (Laws of 1854, chap. 402, § 20), provided in substance, that the lien created under the provisions of the act should continue until the expiration of one year unless sooner discharged by the court, or by some legal act

of the claimant in the proceedings, and if judgment should be rendered in such proceeding and docketed with the county clerk within said year, it should be a lien upon the real property of the person against whom it is obtained to the extent that other judgments are now made a lien thereon.

The notice of lien was duly filed December 13th, 1869, the proceedings to enforce it were commenced March 12th, 1870, the defendant answered, a trial was had December 24th, 1870, and judgment entered in favor of the defendant on the 7th of February, 1871, upon the sole ground that more than one year having expired after the filing of the notice of a lien and before the trial and judgment; the lien could not be enforced.

Proceedings of this description have no foundation in the common law, and rest entirely upon the statutes. In the present case the statute is obviously defective in not providing for the contingency, that although the claimant proceeded with due diligence to enforce his lien in the courts, by persistent litigation he might not be able to obtain judgment within the year after filing his notice. This difficulty having been discovered, the legislature, by chapter 188, of the Laws of 1871, amended the twentieth section of the act of 1854, by providing that in case proceedings are commenced within the year to enforce the lien, the lien shall continue until judgment is rendered therein and for one year thereafter.

Upon the statute as enacted in 1854, we find it difficult, by any proper rule of construction, to say that the lien provided for extended beyond a year after notice duly filed. There is no provision extending the lien in case of proceedings commenced within the year, and we are not at liberty to supply the defect. We do not feel it necessary to go into any discussion of the distinction, in construction, between remedial, penal or other statutes, because we regard it as settled that all statutes must have a construction according to the language employed, and where no ambiguity exists courts can

not correct supposed defects. (*McCluskey* v. *Cromwell*, 11 N. Y., 601; per ALLEN, J., and cases cited.)

In the present case, there appears to be no room for doubt that the lien expired with the expiration of the year after the filing of notice. If, in the meantime, a judgment should be obtained and docketed it was declared to be of the same force against real property as other judgments, and no distinction is made whether the judgment is in favor of or against the plaintiff, and no special priority is given in either case over other creditors by judgment upon the particular real estate assailed by the mechanic's lien.

After the judgment in this case was pronounced at the Special Term, and on the 27th day of March, 1871, the law of 1854 was amended, providing that in cases where proceedings to foreclose were commenced within the year the lien should be extended to one year after judgment. This, of course, means judgment in favor of the claimant or plaintiff. In this case as judgment was for the defendant some nice question might arise as to the application of the amended statute if it can have any application whatever.

There was once, and long ago, a rule in the construction of statutes, that an amendment of it was to be regarded as if having been incorporated in and made a part of the original enactment, but that rule has been for a long time disregarded, and it is now settled that an amendment has no more retroactive effect than an original act upon the same subject. (*Ely* v. *Holton*, 15 N. Y. 595; *People* v. *Carnal*, 6 N. Y., 463.) Neither original statutes nor amendments can have any retroactive force unless in exceptional cases the legislatue so declare. This case is not one, and the legislative amendment of 1871 is not at all favorable to the plaintiffs' position.

It is claimed, however, that if the proceedings to enforce the lien failed a personal judgment should have been ordered against the defendant. I am unable to see how that could have been properly done. No such question appears to have been made at the trial, and it is not now before us. But if

the plaintiffs shall be advised that they may recover in a personal action against the defendant, I am not unwilling to affirm the judgment with costs and without prejudice to such action.

All concur.

Judgment affirmed.