Richard Fox et al., Respondents, *v.* George W. Kidd, Appellant.

Under the provision of the mechanics' lien law for the county of Kings (§ 8, chap. 478, Laws of 1862), which provides that "every lien created under this act shall continue until the expiration of one year from the creation thereof, and until judgment rendered in any proceedings for the enforcement thereof," a lien so created continues for one year, and if proceedings to enforce it are commenced within that time, and are pending at the end thereof, then the lien continues until judgment.

Where, therefore, in an action brought to foreclose a lien within the year judgment was rendered for defendant, which was reversed upon appeal and judgment rendered for plaintiff after the expiration of the year, *held*, that the lien had not ceased to exist when such judgment was rendered.

*Freeman* v. *Cram* (3 N. Y., 305); *Benton* v. *Wickwire* (54 id., 226), and *Glacius* v. *Black* (67 id., 563), distinguished.

Under the provision of said act (§ 9) providing that the proceeds of sale under a lien "shall be applied to the payment of the costs of the action and proceedings, and of the amount found to be due to the claimant," etc., all costs before judgment must be paid out of the proceeds of sale, and cannot properly be directed to be paid by the owner of the land.

Defendant's answer put in issue most of the material allegations of the complaint. Upon reversal of judgment in his favor the General Term directed judgment absolute for plaintiffs. *Held*, error; that a new trial should have been granted.

(Argued May 29, 1879; decided June 10, 1879.)

APPEAL from judgment of the General Term of the City Court of Brooklyn in favor of plaintiff, entered upon an order reversing a judgment in favor of defendant and directing judgment absolute for plaintiffs.

The nature of the action and the facts appear sufficiently in the opinion.

*Thomas J. Tilney*, for appellant. The lien, if any acquired by plaintiffs' notice, had expired before the judgment was rendered upon it by the General Term in June, 1878. (Laws 1862, chap. 478, § 8; *Freeman* v. *Cram*, 3 N. Y., 305; *Benton* v. *Wickwire*, 54 id., 226; *Sullivan* v. *Brewster*, 1 E. D. S., 686; *Schaettler* v. *Gardiner*, 47 N. Y., 404.) The General Term should have ordered a new trial. (*Astor* v. *L'Amoreux*, 8 N. Y., 107; *Edmonston* v. *McLoud*, 16 id., 543; *Griffin* v. *Marquardt*, 17 id., 28; Code Civil Proc., § 1317; *Beach* v. *Cook*, 28 N. Y., 543; *Stowell* v. *Hazlett*, 57 id., 637; *Foot* v. *Ætna L. Ins. Co.*, 61 id., 571.) It was error to order a personal judgment against the owner for costs of the appeal. (*Quimby* v. *Sloan*, 2 E. D. S., 594; *Moran* v. *Chase*, 52 N. Y., 346.)

*J. T. Marean*, for respondents. The General Term had power to reverse the judgment, and order judgment for the opposite party. (*Marquat* v. *Marquat*, 12 N. Y., 336; *Edmonston* v. *McLoud*, 16 id., 543; *Griffin* v. *Marquardt*, 17 id., 28; *Beach* v. *Cooke*, 28 id., 508; *Cuff* v. *Dorland*, 57 id., 560; Code of Civil Pro., § 1317; Code of Pro., § 330.)

EARL, J. This is an action to foreclose a mechanics' lien, under the lien law (chapter 478 of the Laws of 1862) applicable to Kings county.

1. It is claimed by the appellant that the notice of lien filed in the office of the county clerk is defective. We think, considering the whole notice, including the diagram which is made part thereof, that the name of the owners and the situation of the building are sufficiently specified. While the notice is quite general, it contains all that is required by section three of the act, and that is sufficient.

2. By section eight of the act, it is provided that " every lien created under this act shall continue until the expiration of one year from the creation thereof, and until judgment rendered in any proceedings for the enforcement thereof." The notice in this case was filed April 14, 1877, and judgment was rendered for the defendant January 14, 1878. Upon appeal by the plaintiffs, that judgment was reversed and judgment for the foreclosure of the lien was given for them in June, 1878, more than one year after the notice was filed. The appellant claims that when this last judgment was entered the lien had ceased to exist, and hence that the judgment should not have been given. We think this claim not well founded. The lien is not absolutely limited to one year from its creation. It is one year, " and until judgment rendered in any proceedings for the enforcement thereof." The meaning of this last clause is somewhat uncertain. The words quoted must have some significance ; and we think the construction should be that the lien is to continue for one year, and if the proceedings to enforce the

lien are commenced within the year, and pending at the end thereof, then it is to continue until judgment in such proceedings.

The lien law (chapter 220 of the Laws of 1844) which was under consideration in *Freeman* v. *Cram* (3 N. Y., 305), and chapter 402 of the Laws of 1854, which was under consideration in *Benton* v. *Wickwire* (54 N. Y., 226), and *Glacius* v. *Black* (67 N. Y., 563), provided for the continuance of the lien for one year only, and were unlike the law now under examination.

3. Section nine of the act provides that upon a sale under the lien, the proceeds of the sale " shall be applied to the payment of the costs of the action and proceedings, and of the amount found to be due to such claimant or plaintiff, and that the residue " be paid to the clerk of the court. Under this provision, all costs before judgment must be paid out of the proceeds of the sale, and cannot properly be directed to be paid by the owner of the land.

4. The General Term of the city court should have granted a new trial, and not have ordered judgment absolutely for the plaintiffs. The defendant, by his answer, put in issue most of the material allegations of the complaint. The evidence given upon the trial is not before us. As judgment was ordered at Special Term for the defendant, he had no opportunity or occasion to seek to review the findings of fact, so far as they were unfavorable to him; and hence final judgment should not have been given against him.

The judgment appealed from must therefore be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.