## MASON *v.* BILBRUCK.

A tax-sale of land assessed as resident, made more than a year after the first day of June following the assessment, is not valid against one who bought the land of the owner before the expiration of the year.

TRESPASS *qu. cl.* Facts found by a referee. The defendant claims the land under a tax-sale made on the resident assessment of April, 1880. The collector gave notice of the sale May 31, 1881, and sold the land July 14, 1881. The plaintiff claims under a sale made by the owner in May, 1880.

*J. W. Emery*, for the plaintiff.

*C. Page*, for the defendant.

STANLEY, J.   The land was holden for the tax assessed on it for one year from the first day of June, 1880.   G. L., c. 58, s. 13. The former owner remains liable for the tax, but against his grantees and creditors the lien lasts but a year.   *Gove* v. *Newton*, 58 N. H. 359, 361; *Holden* v. *Eaton*, 7 Pick. 15, 17; *Noyes* v. *Haverhill*, 11 Cush. 338; *Dubois* v. *Poughkeepsie*, 22 Hun 117; *Freeman* v. *Cram*, 3 N. Y. 305, 309; *Benton* v. *Wickwire*, 54 N. Y. 226, 228.   A levy of an execution, commenced by the appointment and swearing of an appraiser, may be completed before the return day.   G. L., c. 237, s. 5.   But there was no provision that this tax lien could be prolonged, a definite or an indefinite time, by the notice required by G. L., c. 58, s. 14.

*Judgment for the plaintiff.*

DOE, C. J., did not sit: the others concurred.