MADISON COUNTY.—HON. A. D. KENNEDY, SURROGATE.—March, 1888.

WARRIMER v. PEOPLE.

*In the matter of the estate of* VASHTI THOMPSON, *deceased.*

Upon a state of facts arising between the dates of the passage of the "act to tax gifts, legacies," etc. (L. 1885, ch. 483), and of the subsequent act, L. 1887, ch. 713, the law continues as if the latter statute had not been enacted.

W. was an "adopted child" of decedent, within the terms of the act of
1887 (ch. 713).   The latter having died September 9th, 1886, leaving a
will whereunder W. took an interest of the value of more than $500,—
*Held*, that the legacy tax, on W.'s estate, became due and payable on the
date mentioned; and that the right of the State, thus fixed and vested,
remained unaffected by the passage of the act of 1887.
Matter of Cager, 27 *Week. Dig.*, 541—criticised.

ASSESSMENT of "collateral inheritance tax," under
L. 1885, ch. 483, upon legacy to adopted child of de-
cedent.   The facts appear sufficiently in the opinion.

THE PARTIES IN INTEREST *appeared, in person, and submitted their
case to the court.*

THE SURROGATE.—The decedent, being a resident
of the town of Hamilton, in this county, died Septem-
ber 9th, 1886, leaving a last will and testament, which
was duly admitted to probate by a decree of this court
made October 4th, 1886.   The residuary legatee and
devisee under the will is Mrs. Frank Warrimer, and
under its provisions she receives an estate of the value
of more than five hundred dollars; Mrs. W. is de-
scribed in the will as the "adopted daughter" of the
decedent, and the mutually acknowledged relation of
parent and child had existed between them for more
than ten years.

Chapter 483 of the Laws of 1885, commonly known
as the "Collateral Inheritance Tax Law," was passed
June 10th, 1885, and took effect June 30th, 1885.   In
substance, this act imposes a tax of five per centum
upon all property which shall, after the passage of the
act, pass by will, or by the intestate laws of the State, to
any person or corporation, except certain relatives of
the decedent enumerated in the statute, and certain

corporations and institutions now exempted by law from taxation. Adopted children are not among those excepted from the operation of the statute. Section 4 of the act provides that " all taxes imposed by this act, unless otherwise herein provided for, shall be due and payable at the death of the decedent." The act makes certain exceptions to this rule, but none which can in any possible way affect the question involved in this case.

Chapter 713 of the Laws of 1887, is entitled " An act to amend Chapter 483 of the Laws of 1885, entitled ' An act to tax gifts, legacies and collateral inheritances in certain cases.' " This act was passed June 25th, 1887, and took effect immediately. It provides that the act of 1885 " is hereby amended so as to read as follows: ' § 1. After the passage of this act,' " etc.

Section 1 of the act, the section which imposes the tax, is identical with the act of 1885, with the exception of some unimportant changes in grammatical construction, and except that it adds to the list of persons exempted from the tax " any child or children adopted as such in conformity with the laws of the State of New York, or any person to whom the deceased for not less than ten years prior to his or her death stood in the mutually acknowledged relation of a parent." The act closes with the usual clause repealing all acts and parts of acts inconsistent with its provisions. Upon this state of facts, and under this condition of the law, it is claimed that Mrs. W. is not liable to pay the tax.

As we have seen, the act of 1885 took effect more

than 14 months prior to the death of Mrs. T., and the act of 1887 took effect more than 8 months after her decease. It is beyond question that the act of 1885 imposed a tax upon Mrs. W.'s interest in the estate, and it is equally clear that the tax became due and payable on September 9th, 1886 (see § 4), and on that day the right of the State to receive the tax became fixed and vested.

Has the State, by the passage of the act of 1887, remitted the tax so imposed upon this estate, and surrendered its fixed and vested right therein? What effect did the amendment of 1887 have upon the act of 1885? This question is fully answered by a long line of authorities in this State, the leading case perhaps, being the case of Ely v. Holton (15 *N. Y.*, 595).

In that case, it was held that "the effect of amending a statute by enacting that the statute is amended so as to read as follows," and then incorporating the changes or additions with so much of the former statute as is retained, is not that the portions of the amended statute, which are merely copied without change, are to be considered as having been repealed and again re-enacted, nor that the new provisions or the changed portions should be deemed to have been the law at any time prior to the passage of the amended act. The part which remains unchanged is to be considered as having continued the law from the time of its original enactment, and the new or changed portion to have become law only at and subsequent to the amendment. The word 'hereafter' occurring in a statute amended in the manner above described is to be construed distributively. As to the

original provisions, it means subsequent to the time of their enactment; as to the new portions, it means subsequent to the time the amendment introducing them took effect."

To the same effect, see Dash v. Van Kleeck (7 *Johns.*, 477); Sanford v. Bennett (24 *N. Y.*, 20); People v. B'd of Sup. (43 *N. Y.*, 130); Moore v. Mausert (49 *N. Y.*, 332); Benton v. Wickwire (54 *N. Y.*, 226); Colman v. Shattuck (2 *Hun*, 497); Cook v. R. R. Co. (10 *Hun*, 426); Moran v. Lydecker (27 *Hun*, 582); Calhoun v. D. & M. R. R. Co. (28 *Hun*, 379); Nash v. White's Bank (37 *Hun*, 57).

Again, it is an elementary principle that a statute is not to be deemed retroactive, and is never to be considered as applying to cases which arose previously to its passage, unless the legislature have clearly declared such to be the intention (Bacon's Abr., Statute, C.; Broom's Leg. Max., 14; 1 Kent Com., 455; and cases above cited). And it is now settled that an amendment has no more retroactive effect than an original act upon the same subject (Benton v. Wickwire (*supra*).

A correct application of these fundamental principles to the facts in this case can lead to but one conclusion. As we have already seen, the State became entitled to this tax months before the passage of the act of 1887. There is not a word in the act of 1887 which indicates any intention on the part of the legislature that the statute should be retroactive in its effect.

Upon a state of facts arising between the passage

of the two acts, the law continues, as though the act of 1887 had never been enacted.

It can, therefore, have no application to the adopted children of decedents dying between June 30th, 1885, and June 25th, 1887. Its passage found them liable to the payment of this tax, and it leaves them as it found them.

So far as the opinion in the Matter of Cager (27 *Week. Dig.*, 541) holds that the act of 1887 is applicable to a case of this kind, it is *dictum*. The case was decided upon another ground.