## PERRY *v.* ERIE TRANSFER CO.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

1. JURISDICTION—ACTION BY NONRESIDENT AGAINST FOREIGN CORPORATION.

   A nonresident cannot sue a foreign corporation in New York to recover for the use of teams hired without the state, though they were used within the state, since Code Civil Proc. § 1780, divests courts of this state of jurisdiction of actions against foreign corporations by nonresidents, unless the cause of action shall have arisen within the state, or it is sought to recover damages for breach of a contract made within the state, etc.

2. SAME—WHEN OBJECTION MAY BE MADE.

   An objection that the court is without jurisdiction may be made on the trial by motion to dismiss the complaint, and is not waived by failure to make the same by answer or demurrer.

   16 N. Y. Supp. 153, reversed.

Appeal from city court, general term.

Action by Oliver H. Perry against the Erie Transfer Company to recover for the use of teams hired by defendant, and employed by it in the transportation of goods between the cities of New York and Jersey City. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF, J.

*Andrew Kent,* for appellant.    *George W. Wickersham,* for respondent.

BISCHOFF, J.   The question presented to us on this appeal is one affecting the validity of the judgment appealed from for want of authority in the court below to render it. Defendant is a corporation organized under the laws of New Jersey, hence a foreign corporation within the meaning of the Code. Code Civil Proc. § 3343, subd. 18. Plaintiff, at the time of instituting this action, was and continued to be a resident of the same state. These facts having conclusively appeared upon the close of plaintiff's direct evidence, defendant protested against further procedure in the action, and asserted that the trial court was without jurisdiction to determine the controversy in suit upon the merits. A motion to dismiss the complaint was denied, and, upon failure of defendant to challenge the facts appearing in support of plaintiff's claim, the court directed a verdict in favor of the latter. To each of these rulings defendant duly excepted, and either exception sufficiently raises the question of jurisdiction.

Pursuant to the provisions of the Code of Civil Procedure, (section 1780,) the courts of this state are divested of all authority to entertain actions brought therein against a foreign corporation by a nonresident or another foreign corporation, unless it is sought thereby to recover damages for breach of a contract made within this state, or the action relates to property within this state when the contract was made, or unless such actions are brought to recover real property within this state, or a chattel replevied therein, or the cause of action shall have arisen within this state, and the object of the action is not to affect the title to real property beyond its territorial limits. These restrictions present conditions upon the existence of which the power of the court to determine the action is dependent, and acts in disregard thereof are without jurisdiction and of no effect. *Davidsburgh* v. *Insurance Co.,* 90 N. Y. 526. The particular restrictions to be considered on this appeal have been determined to have such effect in *Robinson* v. *Navigation Co.,* 112 N. Y. 315, 19 N. E. Rep. 625, and the court of appeals also sanctions the contention of appellant's counsel that this effect cannot be impaired, or the authority of the trial court enlarged, by consent of the parties, or the omission to object to its jurisdiction by answer or demurrer, but that the objection may be made at any time, and that whenever any jurisdictional fact is wanting it becomes the duty of the court to dismiss the action *ex mero motu.* It appears inferentially from the evidence that the contract for the hire of teams

by plaintiff to defendant was made in New Jersey, but, were all evidence concerning the place where the contract was entered into wanting, the fact that both parties were residents of New Jersey at the time would presumptively determine the place as being within that state. Plaintiff was concededly a resident of New Jersey, and defendant's residence is in contemplation of law within the bounds of the sovereignty which created it. *Plimpton* v. *Bigelow*, 93 N. Y. 592. Defendant having contractually assumed the obligation to pay for the use of the teams in New Jersey, the presumption is, in the absence of evidence tending to show that a different place was agreed upon for the purposes of payment, that such payment was to be made in the same state. 2 Whart. Cont. § 372; 5 Lawson, Rights, Rem. & Pr. p. 4142; *Smith* v. *Smith*, 25 Wend. 405; *Hale* v. *Patton*, 60 N. Y. 234. It is important to bear these facts in mind in determining where plaintiff's cause of action arose. Apparently appreciating the force of defendant's objection to the jurisdiction of the trial court, plaintiff's counsel sought to overcome its fatality to the maintenance of the action by recalling plaintiff, and eliciting from him the further fact that the teams were largely employed by defendant in the carriage of goods within the territorial limits of the state of New York, and he thereupon urged with some degree of confidence that the jurisdiction of the court was thus sustained. Recurring, however, to the provisions of section 1780, Code Civil Proc., it will be seen that the action was maintainable only provided the contract was made within the state of New York,—the contrary of which, as we have shown, was the fact,—or that the cause of action arose therein; hence it was quite immaterial where the teams hired by the defendant were employed by it. A cause of action arises "when that is done which ought not to have been done, or that is not done which ought to have been done," (*Bank* v. *Lacombe*, 84 N. Y. 367, 384; *Toronto General Trust Co.* v. *Chicago, B. & Q. R. Co.*, 32 Hun, 190,) and in the predication of the right to institute and maintain an action this act of commission or of omission is the essential and determining fact. No right of action exists without a cause of action, and every cause of action necessarily implies a right of action for its prosecution. Each derives its life from the other, and their presence is therefore interdependent. As regards a contract, the cause of action is the breach in the nonfulfillment of the obligation which it imposes, and until the accrument of a right of action by the breach no cause of action is existent. Defendant's breach of contract was its failure to pay the sum agreed to be paid for the teams hired of the plaintiff, and, as it was not bound to payment elsewhere than in New Jersey, the breach occurred and the cause of action arose in that state. For the reasons above mentioned we are constrained to hold that the facts which appeared upon the trial were insufficient to authorize the trial court to render the judgment appealed from, and it must be reversed, but, as plaintiff may be able to cure the jurisdictional defects by further evidence, a new trial should be accorded him.

Judgment reversed, and new trial granted, with costs to abide the event.