(8 Misc. Rep. 234.)

### CAMPBELL et al. v. COON.

(Common Pleas of New York City and County, General Term. May 7, 1894.)

MECHANICS' LIENS—RIGHTS OF NONRESIDENTS.

    The mechanic's lien act (Laws 1885, c. 342) has no extraterritorial force, and therefore a subcontractor who furnishes materials for a building in New York is not entitled to a lien on the building where the materials were delivered in New Jersey under an agreement with the contractor, made in that state, of which both the contractor and the subcontractor were residents.

Appeal from judgment on report of referee.

Action by Peter Campbell and others against Amalie Coon to foreclose a mechanic's lien. There was a judgment in favor of plaintiffs, and defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Robert L. Harrison, for appellant.
James J. Allen, for respondents.

BISCHOFF, J. That plaintiffs did not, by means of the filing of their notice claiming it, acquire a lien upon the premises of the owner, the defendant-appellant, is clear and beyond successful dispute. The right to a lien pursuant to the provisions of the mechanic's lien law (chapter 342, Laws 1885) does not extend to contracts made and to be performed out of this state. Birmingham Iron Foundry v. Glen Cove Starch Manuf'g Co., 78 N. Y. 31. The action was to foreclose an alleged lien under the provisions of the mechanic's lien law (chapter 342, Laws 1885) of this state. It was intended thereby more particularly to secure the application of a balance due from the owner to the contractor towards the payment of an indebtedness from the latter to the subcontractors, who had supplied certain materials which were used in the construction of the building. The contractor was a corporation organized under

the laws of New Jersey; hence, a resident of that state. Plimpton v. Bigelow, 93 N. Y. 592. Plaintiffs, also, were residents of New Jersey, and their contract to supply the materials was made there. By the terms of the contract the materials were to be delivered in Hoboken, N. J., and in the city of New York. No place of payment by the contractor was, however, specified. In legal intendment, therefore, the state wherein the contract was made and the contracting parties severally resided was the place contemplated by the parties for the purposes of such payment. Perry v. Transfer Co. (Com. Pl. N. Y.) 19 N. Y. Supp. 239.

The lien provided for by the mechanic's lien law (chapter 342, Laws 1885) is a statutory security, in effect the same as a mortgage, and was unknown to the common law. Davis v. Alvord, 94 U. S. 545; Freeman v. Cram, 3 N. Y. 305; Benton v. Wickwire, 54 N. Y. 226; Mushlitt v. Silverman, 50 N. Y. 360. It is a right, not a remedy (Atkins v. Little, 17 Minn. 342, Gil. 320); and the statute which confers it has no extraterritorial force (Birmingham Iron Foundry v. Glen Cove Starch Manuf'g Co., supra). We appeal to the lex fori for the remedy by which to enforce an alleged right, but the lex loci contractus, or lex solutionis, must determine whether or not the right exists. Contracts are presumed to have been made with reference to the lex loci contractus and the lex solutionis, never with reference to the laws elsewhere. Accordingly, it cannot be successfully contended that, by means of a contract made and to be performed in New Jersey, plaintiffs became entitled to a right or security in New York, the quality of which is wholly derived from the statute law of the last-mentioned state, and which is only there enforceable. The judgment should be reversed as to the defendant-appellant, and the complaint as to her dismissed, with the costs of this action and of this appeal.