In the Matter of the Application of W. HAMPTON WARDE, for Leave to Qualify as a Law Student under the Rules of 1892.

1. RULES OF COURT — AMENDMENTS. The amendments of the rules of the court are analogous to the amendments of the statutes and should receive the same construction.

2. AMENDMENTS — CONSTRUCTION. The rule of statutory construction — that when a statute is amended by enacting that it "is amended so as to read as follows," and then incorporating the changes and additions, with so much of the former statute as is retained, the part which remains unchanged is to be considered as having been continued the law from the time of its original enactment — applies to amendments of the rules of the court.

3. RULES FOR ADMISSION OF ATTORNEYS — AMENDMENTS. The amendments made December 2, 1895, to the Rules for the Admission of Attorneys, which retained unchanged the following italicized clauses in subdivision 7 of rule 6, adopted October 22, 1894: *A law student whose clerkship or attendance at a law school has already begun* may, at his option, file or produce, instead of the certificates required by these rules, *those required by the rules of the Court of Appeals, adopted October 28, 1892,* did not have the effect of making the words "has already begun," refer to the date of the taking effect of the amendments, namely, January 1, 1896, but left them continuing to speak as of the date when they originally went into effect, namely, January 1, 1895.

4. RULES OF 1892. The privilege of proceeding under the rules of 1892, conferred by subdivision 7 of present rule 6, does not apply to any law student whose clerkship or attendance at a law school commenced after the 1st day of January, 1895, but all such students must conform to the later rules.

5. REGENTS' CERTIFICATE. A law student whose clerkship or attendance at a law school commenced after the 1st day of January, 1895, cannot be admitted to examination for admission, upon producing a regents' certificate under the rules of 1892.

(Submitted November 7, 1897; decided November 23, 1897.)

HAIGHT, J. The petitioner, W. Hampton Warde, began his law clerkship on the 25th day of April, 1895. He now asks to be admitted to an examination upon producing a regents' certificate under the rules of 1892.

On the 22d day of October, 1894, rules of this court were adopted, to take effect on the first day of January, 1895, pro-

viding that "applicants for examination shall be deemed to have studied law within the meaning of these rules *only* when they have complied with the following terms and conditions, viz.: 3. Applicants who are not graduates or members of the bar as above prescribed shall, before entering upon the clerkship or attendance at a law school herein prescribed, or within one year thereafter, have passed an examination conducted under the authority and in accordance with the ordinances and rules of the university of the state of New York, in English composition, advanced English, first year Latin, arithmetic, algebra, geometry, United States and English history, civics and economics, or in their substantial equivalents as defined by the rules of the university." (Rule 5.)

It was further provided that "a law student whose clerkship or attendance at a law school has already begun, as shown by the record of the Court of Appeals, or of any incorporated law school, or law school established in connection with any college or university, may, at his option, file or produce instead of the certificates required by these rules, those required by the rules of the Court of Appeals, adopted October 28, 1892." (Rule 6, subdivision 7.)

The course of study prescribed by the rules of 1894 was materially enlarged and embraced studies not included in the rules of 1892. The new rules applied to all students except those whose clerkship, or attendance at a law school, had theretofore begun. It consequently follows that all students whose clerkships or attendance at a law school commenced after the first day of January, 1895, were required to conform to the rules then in force.

On the 2d day of December, 1895, the rules of this court were again amended, to take effect on the first day of January, 1896. Numerous amendments were incorporated into the rules, but the provisions which we have quoted from the rules of 1895 remained unchanged, except that the word "proofs" was substituted for "certificates." It is now claimed that subdivision seven of rule six was, in effect, readopted in the new rules, to take effect on the 1st day of January, 1896, and

that the effect is to give the students the right of option to qualify under the rules of 1892. Such was not our intention, and we do not understand it to be the legal effect of the amendments. The amendments of the rules of the court are analogous to the amendments of the statutes and should receive the same construction.

In the case of *Ely* v. *Holton* (15 N. Y. 595) it was held that the effect of an amendment to a statute, made by enacting that the statute " is amended so as to read as follows," and then incorporating the changes and additions, with so much of the former statute as is retained, is not that the portions of the amended statute which are merely copied without change are to be considered as having been repealed and again re-enacted, nor that the new provisions, or the changed portions, should have been deemed to have been the law at any time prior to the passage of the amended act. The part which remains unchanged is to be considered as having been continued the law from the time of its original enactment, and the new or changed portion to have become law only at and subsequent to the passage of the amendment. The rule adopted in this case was followed in the case of *Moore* v. *Mausert* (49 N. Y. 332), and again in the case of *Benton* v. *Wickwire* (54 N. Y. 226). In the latter case, REYNOLDS, C., in delivering the opinion of the court, says : " There was once, and long ago, a rule in the construction of statutes, that an amendment of it was to be regarded as if having been incorporated in and made a part of the original enactment, but that rule has been for a long time disregarded, and it is now settled that an amendment has no more retroactive effect than an original act upon the same subject." (Citing *Ely* v. *Holton, supra.*)

The petitioner having commenced his law clerkship after the rules of 1895 were in force, must conform to the requirements of those rules as to the production of a regents' certificate.

This motion must, therefore, be denied.

All concur.

. Motion denied.