MEXICAN CENTRAL RAILWAY COMPANY *vs.* COMMONWEALTH.

Suffolk.   March 21, 1906. — May 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Tax.   Corporation.   Statute.   Railroad.*

St. 1904, c. 169, relating to Massachusetts corporations authorized to construct rail-
roads in foreign countries, did not revive the provisions of R. L. c. 14, §§ 49, 52,
which were repealed by St. 1903, c. 437, § 95, and such corporations are now
subject to the domestic franchise tax imposed by § 74 of the last named statute,
which was corrected and re-enacted by St. 1904, c. 261, and are not subject to
the former tax of one twentieth of one per cent upon the par value of the capital
stock for which the domestic franchise tax was substituted.

PETITION, filed in the Supreme Judicial Court on December 6,
1905, under St. 1903, c. 437, § 84, for the abatement and repay-
ment of a tax of $12,062.50 alleged to have been assessed erro-
neously on May 1, 1905.

The Commonwealth demurred and filed an answer, and after-
wards waived its demurrer in open court.   The case was heard
by *Braley,* J. upon the bill and answer.   He found and ruled that
the tax assessed against the petitioner was illegal, and made a
decree that the amount of the tax be repaid with interest thereon
at the legal rate from June 12, 1905, to the date of entering the
decree, and that the petitioner recover its taxable costs.   At the
request of the respondent he reported the case for determination
by the full court.   If the finding and ruling were right the
decree was to be affirmed; otherwise, such decree was to be
entered as the full court might order.

*J. L. Thorndike,* for the petitioner.

*D. Malone,* Attorney General, (*F. T. Field,* Assistant Attor-
ney General with him,) for the Commonwealth.

SHELDON, J.   This is a petition brought for the abatement
and repayment of the tax assessed upon the franchise of the
petitioner on the first day of May, 1905.   No question is raised
as to the remedy if the tax was erroneously assessed.   R. L.
c. 14, § 67.   St. 1903, c. 437, § 84.

The petitioner is a corporation organized under the laws of
Massachusetts relating to the construction of railroads in foreign

countries. R. L. c. 111, §§ 281 *et seq.* The tax in question was one twentieth of one per cent upon the par value of its capital stock, and was assessed in accordance with the provisions of R. L. c. 14, §§ 49, 52, to which the petitioner was made subject by R. L. c. 111, § 285. No question is made but that this assessment was valid if R. L. c. 14, §§ 49, 52, were in force on the first day of May, 1905. But these sections with others were repealed in 1903, by the business corporation law, (St. 1903, c. 437, § 95,) and domestic corporations subject to the provisions of the latter statute, including the petitioner, were made liable, by § 74 of the same act, to a tax of a different amount, to be assessed in a different way. If this were all the case there is no doubt that the petitioner would be entitled to the relief which it seeks. But the St. of 1904, c. 169, in § 1 amends R. L. c. 111, § 284, by adding an enumeration of additional powers given to the corporations in question, and then provides in § 2 that "Section two hundred and eighty-five of chapter one hundred and eleven of the Revised Laws is hereby amended by adding at the end thereof the words: — except as otherwise provided herein, — so as to read as follows: — Section 285. Such corporation shall be subject to the provisions of the first clause of section forty-eight and sections fifty-five, fifty-eight, fifty-nine, sixty and seventy-eight of this chapter, and of section fifty-two of chapter fourteen, except as otherwise provided herein." The Commonwealth contends that the effect of this statute was to revive and re-enact R. L. c. 14, § 52, with so much of § 49 as was by reference in § 52 made applicable to corporations like the petitioner, and accordingly that the tax in question was rightly assessed, and that the petition cannot be maintained. *Commonwealth* v. *Kenneson,* 143 Mass. 418.

In our opinion this contention cannot be supported. The business corporation law, which by its first section was made applicable to corporations like the petitioner, not only expressly repealed the statutes, R. L. c. 14, §§ 49–52, under which such corporations previously had been taxed, but substituted a different mode of taxation with a different rule of assessment. St. 1903, c. 437, § 74. A perfecting amendment was made to the section and the section as amended was re-enacted by St. 1904, c. 261, which took effect a month after St. 1904, c. 169, relied

on by the Commonwealth. The final expression of the legislative will accordingly is that the petitioner shall be taxed as provided in St. 1903, c. 437, § 74. Of course the Legislature could not have intended that the old mode of taxation should also remain in force; the one is a substitute for the other.

Complete effect is given to the St. of 1904, c. 169, by the construction which we adopt. R. L. c. 111, § 285, was in full force although the effect of the reference to R. L. c. 14, § 52, had been taken away by the repeal of the latter section. The amendment made by the second section of the St. of 1904 was made to § 285, as it then existed; and the only result of the amendment was to add the new words "except as otherwise provided herein," to § 285 as it then stood, without giving any other new effect to the original statute. *In re Warde*, 154 N. Y. 342, 344. It would be a forced construction of the amending statute to say that it operated a repeal of St. 1903, c. 437, § 74, even if the latter enactment were not shown by St. 1904, c. 261, to have been regarded by the Legislature as still in force after the enactment of St. 1904, c. 169.

Accordingly, the decree of the single justice must be affirmed.

*So ordered.*