(96 Misc. Rep. 109)

## PEOPLE v. SANTER.

(Court of General Sessions of the Peace, New York County. June 30, 1916.)

1. CRIMINAL LAW ☞1018—SUMMARY TRIALS—MUNICIPAL COURTS—APPEALS.

An appeal from a conviction of misdemeanor before a city magistrate holding a Court of Special Sessions lies to the Appellate Division of the Supreme Court under Inferior Criminal Courts Act (Laws 1910, c. 659) § 40, providing that, if any judgment of the Court of Special Sessions shall be adverse to the defendant, he may appeal therefrom to the Supreme Court in the same manner as from a judgment in an action prosecuted by indictment, and not to the Court of General Sessions under section 94 as amended by Laws 1915, c. 531, providing that all the provisions of law conferring the right of appeal to the Court of General Sessions in the county of New York from any judgment, order, or other determination of a city magistrate "or any court held by a city magistrate in force when this act takes effect," since city magistrates were given the power to hold courts of special sessions by the amendatory act, which merely carried forward the provision for appeal to a Court of General Sessions, and hence were not a court in force when the original act took effect.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2577; Dec. Dig. ☞1018.]

2. STATUTES ☞270—CONSTRUCTION—RULES—REPEALING STATUTES.

Under Statutory Construction Law (Laws 1892, c. 617 as amended by Laws 1894, c. 448) § 32, providing that the provisions of law repealing a prior law, which are substantial re-enactments of provisions of the prior law, shall be construed as a continuation of the provisions of such prior law, and not as new enactments, where the words "or of any court held by a city magistrate in force when this act takes effect" were in Inferior Criminal Courts Act, § 94, touching appeals from city magistrates and in Laws 1915, c. 531, amending section 94, they referred to the time of the passage of the section 94 in 1910, and not to the time of taking effect of the amendment in 1915.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 363; Dec. Dig. ☞270.]

Clifford Santer was found guilty of cruelty to animals, a misdemeanor, and he appeals. Appeal dismissed.

Willoughby B. Dobbs, of New York City, for defendant.

Edward Swann, Dist. Atty., of New York City, for the People.

WADHAMS, J. The defendant was found guilty of cruelty to animals, a misdemeanor, before a city magistrate holding a Court of Special Sessions, pursuant to section 43 of the Inferior Criminal Courts Act, as amended by chapter 531 of the Laws of 1915, and has appealed to the Court of General Sessions.

[1] The appeal does not lie to this court, but to the Appellate Division of the Supreme Court, pursuant to section 40 of the Inferior Criminal Courts Act (chapter 659 of the Laws of 1910), which provides:

"If any judgment or determination made by the Court of Special Sessions shall be adverse to the defendant he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment, and may be admitted to bail upon an appeal in like manner; and if the judgment of the Supreme Court upon such an appeal shall be adverse to the defendant, he may appeal therefrom to the Court of Appeals as prescribed in the code of criminal procedure. In case of any such appeal to the Supreme Court, or to the

Court of Appeals, the procedure in, and the jurisdiction of, the said courts, respectively, shall be the same as from a judgment of conviction after indictment."

It is urged that the appeal lies to the Court of General Sessions pursuant to the provisions of section 94 of the Inferior Criminal Courts Act, which was amended by chapter 531 of the Laws of 1915 to read as follows:

"Sec. 94. *Appeals from City Magistrates.*—All provisions of law conferring the right of appeal and prescribing the procedure on appeal to the court of general sessions of the peace in the county of New York from any judgment, order or other determination of a city magistrate, including a commitment under section four hundred and eighty-six of the penal law or of any court held by a city magistrate in force when this act takes effect, shall apply to and regulate all appeals, and the right of appeal in all cases hitherto existing is hereby preserved and continued. The right of appeal from any judgment, order or other determination of a city magistrate in any county, other than the county of New York, to the county court of the county where the said judgment, order or other determination is made, is hereby preserved and continued. Upon the reversal of any judgment, order or other determination of a city magistrate the court of general sessions or a county court may send back the cause for a new trial to the city magistrates' courts."

Chapter 531 of the Laws of 1915 took effect May 8, 1915. The amended section is substantially in the language of the original act, the only change made being with respect to appeals in counties other than the county of New York, the modification having been made necessary to provide for an appeal in the newly created county of the Bronx. It is contended that, inasmuch as the same law which amended section 94 of the Inferior Criminal Courts Act gave city magistrates power to hold a Court of Special Sessions for certain purposes specified in section 43, the words "or of any court held by a city magistrate in force when this act takes effect" should be held to include a Court of Special Sessions held by a city magistrate under section 43, and that therefore, since May 8, 1915, when the amendment went into effect, the appeal is properly brought in the Court of General Sessions. The words, however, "or of any court held by a city magistrate in force when this act takes effect," were in section 94 as originally enacted, and under a well-established rule of statutory construction the words "in force when this act takes effect" referred, not to the time of the taking effect of the amendment in May, 1915, but to the time of the passage of the original act in 1910. The Court of Special Sessions, which is authorized to try misdemeanors with respect to animals, was not a court held by a magistrate in force in 1910, when the Inferior Criminal Courts Act took effect, and is therefore not included among the courts held by magistrates from whose judgments appeals lie to the Court of General Sessions.

[2] Section 32 of the Statutory Construction Law (Laws 1892, c. 677, as amended by Laws 1894, c. 448), provides that the provisions of law repealing a prior law, which are substantial re-enactments of provisions of the prior law, shall be construed as a continuation of the provisions of such prior law, and not as new enactments.

In Ely v. Holton, 15 N. Y. 595, Denio, C. J., in construing a statute regulating the right of appeal which was "amended so as to read as follows," at pages 598 and 599 said:

"The portions of the amended sections which are merely copied without change are not to be considered as repealed and again enacted, but to have been the law all along; and the new parts, or the changed portions, are not to be taken to have been the law at any time prior to the passage of the amended act. * * * The theory of amendments, made in the form adopted in the present instance, we take to be this: The portions of the section which are repeated are to be considered as having been the law from the time they were first enacted, and the new provisions are to be understood as enacted at the time the amended act took effect."

The principle above stated has been followed in many cases in this state. Haight, J., after citing the case of Ely v. Holton, supra, said in Matter of Warde, 154 N. Y. 342, 344, 48 N. E. 513, 514:

"The part which remains unchanged is to be considered as having been continued the law from the time of its original enactment, and the new or changed portion to have become law only at and subsequent to the passage of the amendment. The rule adopted in this case was followed in the case of Moore v. Mausert, 49 N. Y. 332, and again in the case of Benton v. Wickwire, 54 N. Y. 226."

See, also, Nash v. White's Bank of Buffalo, 37 Hun, 57, 60; People v. Supervisors, 67 N. Y. 109, 118, 23 Am. Rep. 94; Grout v. Stillings, 76 App. Div. 143, 78 N. Y. Supp. 942; Matter of Estate of Prime, 136 N. Y. 347, 354, 32 N. E. 1091, 18 L. R. A. 713; People v. Wilmerding, 136 N. Y. 363, 368, 32 N. E. 1099; Homnyack v. Prudential Ins. Co., 194 N. Y. 456, 460, 87 N. E. 769; Lewis' Sutherland, Statutory Construction (2d Ed.) vol. 1, § 237; and Lewis' Sutherland, Statutory Construction, vol. 2, §§ 443 and 498.

After citing the general rule laid down in the authorities, Judge O'Brien, in delivering the opinion for the court, in Bank of Metropolis v. Faber, 150 N. Y. 200, 205, 44 N. E. 779, 780, said:

"The effect upon a prior statute of a subsequent amendment 'so as to read as follows' is not to be determined in all cases by any fixed and absolute rule, but frequently becomes a question of legislative intent to be determined from the nature and language of the amendment, from other acts passed at or about the same time, and from all the circumstances of the case. The duty of the courts is to give effect to the legislative intent, rather than the literal terms of the act."

From an examination of the several sections of the Inferior Criminal Courts Act, particularly in view of the continuance of section 40 providing for appeals to the Supreme Court from judgments made by the Court of Special Sessions, I can find nothing to indicate that the Legislature intended to extend the scope of section 94 so as to authorize appeals to the Court of General Sessions in any cases other than those in which appeals to the Court of General Sessions were allowed when the Inferior Criminal Courts Act went into effect.

The appeal must therefore be dismissed.